# United States Court of Appeals for the Federal Circuit

---

**ESTHER HALL,**

*Petitioner-Appellant,*

**v.**

**SECRETARY OF HEALTH AND HUMAN SERVICES,**

*Respondent-Appellee.*

---

2010-5126

---

Appeal from the United States Court of Federal Claims in case no.02-VV-1052, Judge Lynn J. Bush.

---

Decided: April 1, 2011

---

RICHARD GAGE, Richard Gage, P.C., Cheyenne, Wyoming, argued for petitioner-appellant.

ANN D. MARTIN, Trial Attorney, Torts Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With her on the brief were TONY WEST, Assistant Attorney General, TIMOTHY P. GARREN, Director, MARK W. ROGERS, Deputy Director, and CATHARINE E. REEVES, Assistant Director.

---

Before BRYSON, GAJARSA, and MOORE, *Circuit Judges.*

GAJARSA, *Circuit Judge.*

Esther Hall appeals from a final decision from the United States Court of Federal Claims ("Claims Court"), which affirmed the special master's award of attorneys' fees under 42 U.S.C. § 300aa-15 of the National Childhood Vaccine Injury Act of 1986 ("Vaccine Act"). The issue before us is whether the special master erred in awarding attorneys' fees at the local hourly rate instead of the forum hourly rate. For the reasons discussed below, we hold that the special master properly awarded attorneys' fees at the local hourly rate, and we affirm the Claims Court's decision.

BACKGROUND

Hall was awarded compensation under the Vaccine Act for an injury to her shoulder caused by a hepatitis B vaccination. *Hall v. Sec'y of Health & Human Servs.*, 93 Fed. Cl. 239, 241 (2010) ("*CFC Op.*"). The Vaccine Act "established a Federal 'no-fault' compensation program under which awards can be made to vaccine-injured persons quickly, easily, and with certainty and generosity." H.R. Rep. No. 99-908, at 3 (1986), reprinted in 1986 U.S.C.C.A.N. 6344. Where, as here, the petitioner obtains compensation, she is entitled to attorneys' fees and costs pursuant to § 300aa-15(e), the amount of which is determined by the special master.[1]

Generally, attorneys' fees are awarded at the forum hourly rate. This court, however, created an exception to this general rule in *Avera v. Secretary of Health & Human*

---

[1]    Even if the petitioner does not prevail, the special master may still award attorneys' fees and costs so long as there was a reasonable basis for the suit and the suit was brought in good faith. 42 U.S.C. § 300aa-15(e).

*Services*, 515 F.3d 1343 (Fed. Cir. 2008), for cases arising under the Vaccine Act. In *Avera*, this court held that where the bulk of the work is performed outside the forum and there is a "very significant difference" between the local hourly rate and the forum hourly rate, attorneys' fees should be awarded at the local hourly rate. *Id.* at 1349 (quoting *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). Applying this exception ensures that attorneys are awarded reasonable compensation for their work and more appropriately reflects the purpose of a fee-shifting statute, especially in cases arising under the no-fault Vaccine Act. This exception is known as the "*Davis County* exception," as it was adopted from a case having the same name issued by the United States Court of Appeals for the District of Columbia. *See Davis Cty.*, 169 F.3d at 758. The dispute in this appeal arises from the special master's application of the *Davis County* exception.

In the present case, Hall initially requested $83,400.34 in attorneys' fees and costs for the work performed by her attorney Richard Gage, who practices in Cheyenne, Wyoming. *CFC Op.* at 242. Hall arrived at this calculation based on Mr. Gage's hourly rate from August 2002 until April 2009, when her case terminated. For legal work performed by Mr. Gage between August 2002 and December 2005, Hall requested fees based on an hourly rate of $175 to $200. *Id.* at 242 n.4. For Mr. Gage's work from January 2006 until April 2009, Hall requested fees based on an hourly rate of $360 to $410. *Id.* at 242.

The special master awarded Hall interim attorneys' fees in the amount of $51,854.55. *Id.* The special master calculated the interim attorneys' fees using the lodestar method, which requires "multiplying the number of hours

reasonably expended on the litigation times a reasonable hourly rate," and then adjusting that number up or down based on other specific findings. *Avera*, 515 F.3d at 1347-48 (internal citation and quotation marks omitted).

The special master used an hourly rate of $175 to $200 for August 2002 to December 2005 to calculate an attorneys' fees award of $28,393.95 for that time period. *Hall v. Sec'y of Health & Human Servs.*, Case No. 02-VV-1052, 2009 WL 3094881, at *4 (Fed. Cl. Spec. Mstr. July 28, 2009) ("*Interim Special Master Op.*"). Although the parties disputed the appropriate hourly rate for Mr. Gage's work between January 2006 and April 2009, the special master awarded attorneys' fees based on an hourly rate of $219 to $239—the lowest amount that would be awarded—for a total of $23,461.30 in fees. *Id.*

In his final decision, the special master awarded Hall an additional $22,018 in attorneys' fees, which were calculated using the local, instead of forum, hourly rates. *Hall v. Sec'y of Health & Human Servs.*, Case No. 02-VV-1052, 2009 WL 3423036, *1 (Fed. Cl. Spec. Mstr. Oct. 6, 2009) ("*Final Special Master Op.*"). The special master applied the *Davis County* exception because Mr. Gage did not perform any work related to this case in Washington, D.C. and the local and forum hourly rates were very significantly different. *Id.* at *20, *28. The special master compared Mr. Gage's local hourly rate of $220 to $240 with his forum hourly rate of $350; the forum hourly rate was 59 percent greater than the local hourly rate. *Id.* at *20-21, *26. The special master found that this was a very significant difference based on three Vaccine Act cases and one Clean Air Act case. In those cases, the difference between the local and forum hourly rates ranged from 46 to 60 percent. *Id.* at *20-21. Because the difference here—59 percent—was within that range, the

special master found that these rates, too, were very significantly different.[2] *Id.*

Hall was dissatisfied with this award, however, and appealed the special master's final decision to the Claims Court. She requested an additional $11,477.20 in attorneys' fees for work performed from January 2006 to April 2009, but the Claims Court denied the request.[3] *CFC Op.* at 250. The Claims Court rejected Hall's argument that *Richlin Security Service Co. v. Chertoff*, 553 U.S. 571 (2008), overruled the use of the *Davis County* exception. The court upheld the special master's determination that "there is a very significant difference between local market rates in Cheyenne and forum rates in Washington, D.C." *CFC Op.* at 245. The Claims Court also denied Hall's subsequent motion for reconsideration, which claimed that the court had established a new rule of law and had miscalculated the difference between the forum hourly rate and the local hourly rate. *Id.* at 252-54. Hall appeals, and we have jurisdiction pursuant to 28 U.S.C. § 1298(c).

---

[2] The special master relied on the decision in *Masias v. Secretary of Health & Human Services*, Case No. 06-VV-559, 2009 WL 1838979 (Fed. Cl. Spec. Mstr. June 12, 2009), which upheld a determination that local and forum hourly rates differing by 59 percent were "very significantly different." This court recently affirmed the Claims Court's decision in *Masias v. Secretary of Health & Humans Services*, 2010-5077, slip op. at 3 (Fed. Cir. Mar. 15, 2011).

[3] After the special master's final decision, the parties filed a joint motion requesting that the amount of the award in the special master's final decision be reduced to $2,231.70 because the fee award failed to take into account his previous interim award of $23,461.30 for the same time period. *CFC Op.* at 242.

## STANDARD OF REVIEW

This court "review[s] an appeal from the Court of Federal Claims in a Vaccine Act case de novo, applying the same standard of review as the Court of Federal Claims applied to its review of the special master's decision." *Broekelschen v. Sec'y of Health & Human Servs.*, 618 F.3d 1339, 1345 (Fed. Cir. 2010) (citation omitted). Under 42 U.S.C. § 300aa-12, the Claims Court may "set aside any findings of fact or conclusion of law of the special master found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law . . . ." Thus, we review fact findings under the arbitrary and capricious standard, discretionary rulings under the abuse of discretion standard, and legal questions de novo under the "not in accordance with the law" standard. *Saunders v. Sec'y of Health & Human Servs.*, 25 F.3d 1031, 1033 (Fed. Cir. 1994). Generally in cases under the Vaccine Act, "[i]f the special master has considered the relevant evidence of record, drawn plausible inferences and articulated a rational basis for the decision, reversible error will be extremely difficult to demonstrate." *Hines v. Sec'y of Health & Human Servs.*, 940 F.2d 1518, 1528 (Fed. Cir. 1991).

## DISCUSSION

The essence of Hall's appeal is to eliminate the *Davis County* exception to the general rule that forum hourly rates are used to calculate attorneys' fees. First, she reiterates her claim that the Supreme Court's decision in *Richlin* overruled the application of the *Davis County* exception. Hall's second attempt at eliminating the *Davis County* exception is more circumspect. She asserts that the very significant difference determination is a question of law and that this court should set a percentage or absolute dollar amount that constitutes such a difference.

She then makes the leap that the forum hourly rate should be reduced so that it does not exceed the threshold set by the court, thus ensuring counsel would never be awarded attorneys' fees at the local hourly rate. As discussed below, neither of these arguments have merit.

## I.

Our recent decision in *Masias v. Secretary of Health & Humans Services*, 2010-5077, slip op. at 8 (Fed. Cir. Mar. 15, 2011) disposes of Hall's argument that *Richlin* prevents the application of the *Davis County* exception to Vaccine Act cases. In *Masias*, this court held that *Richlin*'s "adoption of market rates for paralegal fees is not contrary to *Avera*." *Id.* Indeed, the statute in *Richlin*, 5 U.S.C. § 504(a)(1), specifically requires that attorneys' fees be calculated at "prevailing market rates." Neither 42 U.S.C. § 7607(f), the statute in *Davis County*, nor the Vaccine Act have a similar limitation on the calculation of attorneys' fees. Thus, until *Avera* is overturned by the Supreme Court or by this court sitting en banc, it remains binding precedent. *See Masias*, slip op. at 8 (citing *Barclay v. United States*, 443 F.3d 1368, 1373 (Fed. Cir. 2008); *McAllister v. Sec'y of Health & Human Servs.*, 70 F.3d 1240, 1242 (Fed. Cir. 1995)).

## II.

Hall's next attempt to eliminate the *Davis County* exception in Vaccine Act cases similarly fails. She alleges that one part of the *Davis County* exception—the determination of whether the local and forum hourly rates are very significantly different—is a question of law. Based on this allegation, Hall urges the court to set a bright line rule for what constitutes a very significant difference. Hall then asks the court to establish a new requirement that the forum hourly rate should be reduced so that the forum hourly rate falls below the threshold of what consti-

tutes a very significant difference.[4]  Thus, in Hall's world, the *Davis County* exception would never apply.

As an initial matter, Hall essentially asks this court again—albeit in a less direct manner—to overturn *Avera*'s adoption of the *Davis County* exception by reducing reasonable forum hourly rates to eliminate a very significant difference.  As explained *supra*, a panel of this court cannot overturn another panel.  *See Barclay*, 443 F.3d at 1373.  This court declines to do so.

More broadly, Hall's assertion that the determination of whether there is a very significant difference between the local and forum hourly rates should be a question of law is erroneous.  Of the three categories of judicial decisions—questions of law, questions of fact, and matters of discretion, *see Pierce v. Underwood*, 487 U.S. 552, 558 (1988)—the standard of review for the determination of reasonable attorneys' fees is abuse of discretion.  *See Saxton ex. rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1520 (Fed. Cir. 1993) (citation omitted) ("The determination of the amount of reasonable attorneys' fees is within the special master's discretion.").  Of course, a special master's failure to apply the *Davis County* exception where he or she has found that the bulk of the work was performed outside the forum and the difference

---

[4]    Hall provides the following example, *see* Pet'r's Br. 14: assume the bright line rule states that local and forum hourly rates are very significantly different if they are more than $100 apart.  Further assume that the local rate is $240 and the forum rate is $350 per hour.  Under Hall's proposal, the court should reduce the forum rate to $340 per hour so that it falls within the $100 threshold for what constitutes a very significant difference.  Thus, attorneys' fees would be awarded at the $340 per hour rate.

between local and forum hourly rates is very significantly different would be incorrect as a matter of law.

This court's decision to apply an abuse of discretion standard is guided by the principles enunciated in *Pierce*, where the Supreme Court found that the abuse of discretion standard was appropriate for reviewing a district court's determination of attorneys' fees under 28 U.S.C. § 2412(d)(1)(A). 487 U.S. at 559-63. The Court explained that in deciding the appropriate standard of review, a court should consider the language of the applicable law and principles of "sound judicial administration." *Id.* The Court focused on the statutory language in 28 U.S.C. § 2412(d)(1)(A) that said attorneys' fees must be awarded "unless *the court finds* that the position of the United States was substantially justified." *Id.* (quoting 28 U.S.C. § 2412(d)(1)(A)). The Court reasoned that this language "emphasizes [that] the fact determination is for the district court to make, and thus suggests some deference to the district court." *Id.* Furthermore, the district court was better positioned than the appellate court to decide whether the Government's position was "substantially justified" because it was intimately familiar with all the facts before it. *Id.* at 560; *see Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (finding that the district court had a "superior understanding of the litigation"). Finally, the Court found that determining whether a position was "substantially justified" is a "multifarious and novel question" that would "likely profit from the experience that an abuse-of-discretion rule will permit to develop." *Pierce*, 487 U.S. at 562. The Court concluded that based on these considerations, an abuse of discretion standard was appropriate. *Id.* at 563.

Application of the *Pierce* factors to this case requires a similar result. First, both 42 U.S.C. § 300aa-15(e) and the *Davis County* exception require a detailed multi-

component determination by the special master. *See Pierce*, 487 U.S. at 559. Section 300aa-15(e) states that "the special master or court shall also award as part of such compensation an amount to cover . . . reasonable attorneys' fees." Thus, the statute leaves it to the special master's discretion to find what constitutes reasonable fees. The *Davis County* exception requires a further application of the special master's findings to determine whether or not there is a very significant difference between local and forum hourly rates.

The special master is also intimately familiar with the facts necessary to make the very significant difference determination. *See Pierce*, 487 U.S. at 560. In calculating the local and forum hourly rates, the special master assesses the reasonable hourly rate "prevailing in the [forum or locally] for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)). In making his determination, the special master relies on declarations, previous comparable litigation, and his or her own experience in similar cases. *See Saxton*, 3 F.3d at 1521. Once the special master determines the local and forum hourly rates, he must compare them. The special master is better equipped to decide whether or not there is a difference between the two rates and the degree of that difference, as his or her "superior understanding of the litigation"— something an appellate court lacks—is essential to this determination. *See Hensley*, 461 U.S. at 437 (explaining that attorneys' fees determinations are "essentially factual matters").

Relatedly, setting a rule as to what constitutes a very significant difference between local and forum hourly rates would be stifling and impractical. *See Pierce*, 487 U.S. at 562. As explained above, making this determina-

tion is multifaceted and the experience of the special master is invaluable to it. Special masters should, as in this case, continue to rely on the evidence before them and their own trial experience in similar litigations in making such a determination.

Here, the special master undertook a detailed analysis of reasonable local and forum hourly rates in Vaccine Act cases and other similar litigation. He also examined previous Vaccine Act cases and a Clean Air Act case that found the local and forum hourly rates were very significantly different. The following chart lists the local and forum hourly rates from those cases and the percentage difference between them:

| Case | Local Hourly Rate | Forum Hourly Rate | Percentage Difference |
|------|-------------------|-------------------|------------------------|
| *Sabella v. Sec'y of Health & Human Servs.*, Case No. 02-VV-1627, 2008 WL 4426040 (Fed. Cl. Spec. Mstr. Sept. 23, 2008) *rev'd on other grounds*, 86 Fed. Cl. 201 (Fed. Cl. 2009) | $300 | $440 | 46% |
| *Masias*, 2009 WL 1838979 | $220 | $350 | 59% |
| *Rodriguez v. Sec'y of Health & Human Servs.*, Case No. 06-VV-0559, 2009 WL 2568468 (Fed. Cl. Spec. Mstr. July 27, 2009) | $450 | $275 | 60% |
| *Rocky Mountain Clean Air Action v. Johnson*, Case No. 05-CV-1992, 2008 WL 1885333 (D.D.C. Jan. 28, 2008) | $225 | $360 | 60% |

As the chart shows, the local and forum hourly rates in those cases ranged from 46 to 60 percent. Here, the difference between Mr. Gage's local hourly rate of $220 to

$240 and his forum hourly rate of $350 was 59 percent, which the special master found to be very significant. The special master's attorneys' fees decision was within the parameters of the cases on which he relied and was not an abuse of discretion.

CONCLUSION

For the foregoing reasons, we affirm the decision of the Claims Court.

**AFFIRMED**

COSTS

No costs.