# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-284V
Filed:  December 17, 2018

```
* * * * * * * * * * * * *   *
JENNIFER M. WARKOCZEWSKI,    *
                             *       UNPUBLISHED
              Petitioner,    *
                             *
v.                           *       Attorneys' Fees and Costs
                             *
SECRETARY OF HEALTH          *
AND HUMAN SERVICES,          *
                             *
              Respondent.    *
* * * * * * * * * * * * *   *
```

*Amy Senerth, Esq.*, Muller Brazil, LLP, Dresher, PA, for Petitioner.
*Claudia Gangi, Esq.*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On February 28, 2017, Jennifer Warkoczewski ("Petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2]  42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that the tetanus-diphtheria-acellular pertussis ("Tdap") vaccine she received on August 21, 2015 caused her to develop shingles and post-herpetic neuralgia. Pet. at 1. On September 19, 2018, Petitioner filed a Motion voluntarily dismissing her petition. ECF No. 24. The undersigned issued her Decision dismissing the petition on September 20, 2018. ECF No. 25.

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

On October 12, 2018, Petitioner filed an application for attorneys' fees and costs. ECF No. 28 ("Fees App."). Petitioner requested total attorneys' fees and costs in the amount of $18,175.82 (representing $15,151.70 in attorneys' fees and $3,024.12 in costs). Fees App at 2. Pursuant to General Order No. 9, Petitioner has indicated that she has not personally incurred any costs in pursuit of this litigation. *Id.* Respondent responded to the motion on October 18, 2018, stating "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3 (ECF No. 30). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

I.      **Legal Framework**

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, although Petitioner was not successful in pursuing her claim, the undersigned finds that both elements have been met. First, the undersigned does not doubt that Petitioner brought her claim in a good-faith belief that her vaccination played a causal role in her injury. Additionally, the claim possessed sufficient objective support to meet the second half of the reasonable basis test, and Respondent has not challenged the reasonable basis of the claim.[3] Accordingly, a final award of attorneys' fees and costs is deemed appropriate.

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fees" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee

---

[3] The undersigned notes that on the matter of possessing sufficient objective support, Petitioner's claim meets this criteria by the thinnest of margins. Indeed, the records from Holly Tree Family Practice, which the billing records show were received and reviewed by Petitioner's counsel over one month before filing the petition, Petitioner's treating physician noted "Discussed findings with pt who is concerned about possible neuritis related to the Tdap. Explained that at present this does not appear to be the case." PX 2 at 51.

application when reducing fees. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

## II. Discussion

### a. Reasonable Hourly Rate

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorney's fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. *See Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[4]

For the work of her attorneys, Petitioner requests the following rates of compensation: Ms. Amy Senerth, $225.00 per hour for work performed in 2017, and $233.00 per hour for work performed in 2018; for Mr. Max Muller, $275.00 per hour for work performed in 2016, $300.00 per hour for work performed in 2017, and $317.00 per hour for work performed in 2018; and for paralegals, $125.00 per hour for all work performed from 2016-2018. These rates are consistent with what Muller Brazil, LLP attorneys and paralegals have previously been awarded.

The undersigned notes that an error has been made concerning the rate of several billing entries by paralegal Maria Loecker. Three entries, all on 8/18/2016, bill her work at a rate of $275.00 per hour instead of $125.00 per hour. Fees App. at 5. Applying Ms. Loecker's proper rate to these entries results in a reduction of **$270.00**.

### b. Hours Reasonably Expended

---

[4] The fee schedules are posted on the Court's website. *See* Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2015–2016*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf (last visited September 8, 2017); Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2017*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-ForumRate-Fee-Schedule2017.pdf (last visited September 8, 2017).

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26. Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728–29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

Upon review of petitioner's application, the undersigned finds numerous issues with the billing entries. Paralegals consistently billed 0.3 hours to file documents via CMECF, a task which is typically billed for no greater than 0.1 hours in the undersigned's experience. *See generally* Fees App. (entries on 2/28/17, 3/13/17, 6/5/17, 6/20/17, 4/23/18, 9/19/18). Paralegals also routinely billed for administrative tasks such as scanning records (entries on 2/7/17, 2/28/18) and handling payment for records and experts (entries on 4/18/17, 4/26/17, 4/16/18). Mr. Muller billed 0.4 hours to "Open client file" without further explanation of precisely what task was being performed here, or why it would take 0.4 hours to merely open a file. Fees App. at 5. He also billed 0.7 hours on "review of time entries for accuracy and duplicates", time which apparently was not well spent because the very first page of the submitted billing entries contained the noticeable error of a paralegal billing at attorney rates. *Id.* at 11. Ms. Senerth billed 1.4 hours to review Respondent's Rule 4c Report despite the fact that it was only seven pages long. *Id.* at 9.

It is for all these reasons that the undersigned will reduce Petitioner's award of attorney's fees by 10%. This results in a reduction of **$1,488.17**.[5] Accordingly, Petitioner is entitled to a final award of **$13,393.53** in attorneys' fees.

### c. Reasonable Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $3,024.12 in costs. The majority of this amount ($2,500.00) is for the services of Dr. Nizar Souayah as a prospective expert. Dr. Souayah has consistently been awarded $500.00 per hour for his Vaccine Program work. *Taylor v. Sec'y of Health & Human Servs.*, No. 13-700V, 2018 WL 6291355, at *4 (Fed. Cl. Spec. Mstr. Oct. 30, 2018); *Gowans v. Sec'y of Health & Human Servs.*, No. 14-440V, 2017 WL 1842824, at *5 (Fed. Cl. Spec. Mstr. Apr. 12, 2017).

The undersigned presumes that Dr. Souayah performed five hours of work in this case on review of records, as Petitioner was ultimately unable to file an expert report. This appears to be a

---

[5] ($15,151.70 in fees requested - $270.00 in reduction for incorrect rates) * 0.1 = $1,488.17.

reasonable amount of time for review of medical records. Thus, the undersigned will award this amount in full. The undersigned notes, however, that Petitioner has not provided adequate support of this cost. All that was provided was the scan of a Muller Brazil, LLP check for the payment of $2,500.00. Fees App. at 19. It is counsel's burden to properly document attorneys' costs claimed, and in the case of experts, this means that expert work performed on the case should be accompanied by an invoice detailing the hourly rate charged, the hours expended, and the tasks performed. *See Prokopeas v. Sec'y of Health & Human Servs.*, No. 04-1717, 2017 WL 6763067, at \*9 (Fed. Cl. Spec. Mstr. Dec. 5, 2017); *see also Morse v. Sec'y of Health & Human Servs.*, 89 Fed. Cl. 683, 690 (Fed. Cl. 2009) (holding that special master did not abuse his discretion in declining to compensate petitioner for expert costs where the expert's submitted invoice was deficient). This requirement is also reflected in the Guidelines for Practice Under the National Vaccine Injury Compensation Program.[6] The undersigned notes that future failure to properly document expert costs will result in delay of payment or non-payment entirely.

The rest of the costs have been supported by adequate documentation and will be compensated in full. Overall, Petitioner is entitled to attorneys' costs in the amount of **$3,024.12**.

## III.    Conclusion

Based on the foregoing, the undersigned **awards the total of $16,417.65**, representing $13,393.53 in attorneys' fees, and $3,024.12 in costs, in the form of a check made payable jointly to Petitioner and Petitioner's counsel, Amy Senerth, Esq. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[7]

**IT IS SO ORDERED.**

s/Mindy Michaels Roth
Mindy Michaels Roth
Special Master

---

[6] The Guidelines are available at:
http://www.cofc.uscourts.gov/sites/default/files/18.11.05%20Vaccine%20Guidelines.pdf.

[7] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).