# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 15-352V
Filed:  December 21, 2018

```
* * * * * * * * * * * * *    *
JEANETTE J. FOSTER, as Power of    *
Attorney for WENDY A. ADAMS,       *          UNPUBLISHED
                                   *
          Petitioner,              *
                                   *
v.                                 *          Attorneys' Fees and Costs
                                   *
SECRETARY OF HEALTH                *
AND HUMAN SERVICES,                *
                                   *
          Respondent.              *
* * * * * * * * * * * * *    *
```

*Nancy Myers, Esq.*, Ward Black Law, Greensboro, NC, for petitioner.
*Colleen Hartley, Esq.*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On April 8, 2015, Wendy Adams ("Ms. Adams") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2]  42 U.S.C. §§ 300aa-10 to -34 (2012). On April 13, 2016, the case caption was amended to reflect Jeanette Foster ("Ms. Foster" or "Petitioner"), as Power of Attorney, in her representative capacity for Ms. Adams. *See* Order, ECF No. 48. Petitioner alleged that Ms. Adams suffered from acute cerebellitis and acute cerebellar

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

ataxia after receiving an influenza ("flu") vaccination on or about October 8, 2013. Stipulation at ¶¶ 1-4, ECF No. 115. On September 28, 2018, the parties filed their Stipulation for Award, which the undersigned adopted as her decision on the same day. *See* Decision, ECF No. 116.

On October 12, 2018, Petitioner filed an application for attorneys' fees and costs. ECF No. 120 ("Fees App."). Petitioner requested total attorneys' fees and costs in the amount of $105,398.97 (representing $90,304.00 in attorneys' fees and $15,094.97 in costs). Fees App at 1.[3] Pursuant to General Order No. 9, Petitioner has indicated that he has not personally incurred any costs in pursuit of this litigation. *Id.* Ex. 1. Respondent responded to the motion on October 13, 2018, stating "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3 (ECF No. 121). Petitioner filed a reply on October 15, 2018, concurring with Respondent's recommendation and also asking that the undersigned exercise her discretion in determining a reasonable award. ECF No. 122.

This matter is now ripe for consideration.

I.      **Legal Framework**

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, because Petitioner was awarded compensation, she is entitled to a reasonable award of attorneys' fees and costs.

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fees" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

II.     **Discussion**

---

[3] Petitioner's request for fees also incorporates by reference a prior motion for interim fees (ECF No. 69), which the undersigned had previously denied on February 9, 2017. ECF No. 80.

### a. Reasonable Hourly Rate

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorney's fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. *See Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[4]

For the work of her attorney, Ms. Nancy Meyers, Petitioner requests the following rates of compensation: $350.00 per hour for work performed in 2014-2017, and $375.00 per hour for work performed in 2018. Fees App. at 1. Petitioner's request for paralegal rates is more obscure due to the fact that the October 12, 2018 fees application incorporates the previously denied interim fees application from December 22, 2016. The interim fees application covers work June 10, 2014 to December 14, 2016 and requests compensation for paralegal work at $150.00 per hour, while the instant fees application covers work from December 14, 2016 to October 10, 2018 and requests compensation for paralegal work at $145.00 per hour. The amounts requested for all work performed by Ms. Meyers and for paralegal work from 2017 onward are consistent with what the undersigned, and other special masters, have awarded Ms. Meyers in previous Vaccine Program cases. *See Porges v. Sec'y of Health & Human Servs.*, No. 15-427V, 2018 WL 2772241, at *3 (Fed. Cl. Spec. Mstr. May 7, 2018); *Drake v. Sec'y of Health & Human Servs.*, No. 16-732V, 2018 WL 4391065, at *2 (Fed. Cl. Spec. Mstr. Aug. 20, 2018).

The requested rate of $150.00 per hour for paralegal work from 2014 to 2016 requires adjustment. Indeed, this rate exceeds the maximum amount awardable for paralegals as prescribed by the Office of Special Masters Attorneys' Forum Hourly Rate Fee Schedule for 2015-2016, which sets the upper boundary at $145.00 per hour. Special masters have previously reduced the requested amount of $150.00 to a more reasonable amount within the fee schedule. *See Parikh v. Sec'y of Health & Human Servs.*, No. 14-894V, 2016 WL 8077960, at *2 (Fed. Cl. Spec. Mstr.

---

[4] The fee schedules are posted on the Court's website. *See* Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2015–2016*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf (last visited September 8, 2017); Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2017*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-ForumRate-Fee-Schedule2017.pdf (last visited September 8, 2017).

Dec. 28, 2016) (reducing Ward Black Law paralegal rates to $125.00 per hour for work performed from 2014-2016). The undersigned will thus compensate paralegal work performed from 2014-2016 at a rate of $125.00 per hour, and work from 2017-2018 at $145.00 per hour. This results in a total reduction of **$2,444.00**.[5]

### b. Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08–756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14–1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728–29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

Turning first to the hours billed by petitioner's counsel, Ms. Meyers, the undersigned finds the billed hours to be largely reasonable, with only minor adjustments required. First, Ms. Meyers billed for receipt for CMECF generated e-mail notifications concerning Petitioner's own filings. While it is understandable that an attorney would pay attention to these notifications when they involve filings by Respondent or the Court, in the undersigned's experience, it is unreasonable to bill for this task when notification concerns a document just filed by Petitioner herself, or when they concern minute entries made by the court to memorialize that a conference took place.[6]

---

[5] Petitioner's denied interim fees application contained 96.8 paralegal hours overbilled by $25.00 per hour, and the instant fees application has 1.2 paralegal hours overbilled by $20.00. (96.8 * $25.00) + (1.2 * $20.00) = $2,444.00

[6] The undersigned notes that most of these billing entries are contained in petitioner's December 22, 2016 motion for interim fees, and the instant fees motion shows that Ms. Meyers has mostly corrected this practice by including an entry for receipt of the notification but not billing time for it. Some instances still remain, however. *See, e.g.,* Fees App. at 10 (entries on 6/15/17).

Additionally, a couple of billing entries for Ms. Meyers indicate that she billed 0.2 hours for the filing of documents via CMECF, when this task is typically billed for 0.1 hours, if at all. Finally, there are billing entries indicating that Ms. Meyers was included on an e-mail chain started by paralegals for the purposes of arranging payment for medical records or experts. The payment of firm costs is typically considered an administrative/clerical task, and thus is not compensable. These issues are relatively minor however, and thus only a minor reduction is required. The undersigned will reduce the number of hours worked by Ms. Meyers from 2014-2017 by 2.5, and the number of hours worked in 2018 by 0.5, resulting in a total reduction of **$1,062.50**.[7]

Turning next to paralegal hours billed, the undersigned finds there are more issues which require a greater total reduction. First, paralegals also billed for review of all CMECF generated notices of filing, which amounts to unnecessary double billing when combined with the fact that Ms. Meyers also billed for review of the same notifications. Additionally, several entries bill time spent resolving payment of firm incurred costs, such as for medical records and experts, which as previously noted is an administrative/clerical task. Also, improperly billed is the task of creating exhibits, such as on 8/27/15, when 0.2 hours were billed for renaming an exhibit and transferring all exhibits to a sub-folder to accurately identify them. Interim Fees App., ECF No. 69, at 50. *See also* Fees App. at 28 (entry on 2/6/17 billing 2.7 hours for preparation of various exhibits). In sum, the undersigned finds that a total reduction of 10% billed time is warranted for paralegal work. This results in a total reduction of **$2,805.50**.[8]

### Reasonable Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $15,094.97 in costs, the majority of which is for various experts who provided work on this case ($12,225.00) with the balance representing court costs, postage, conference calls, mailing, the cost of a guardianship bond, and for production of Ms. Adams' disability claim files. The undersigned has reviewed these costs and the documentation supporting them and finds the costs to be reasonable. Accordingly, all costs shall be awarded in full.

## III.  Conclusion

Based on the foregoing, the undersigned **awards the total of $99,086.97**, representing $83,992.00 in attorneys' fees, and $15,094.97 in costs, in the form of a check made payable jointly to Petitioner and Petitioner's counsel, Nancy Meyers Esq. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[9]

---

[7] (2.5 hours * $350) + (0.5 hours * $375) = $1,062.50.

[8] ($30,499.00 in billed paralegal time - $2,444.00 for reduction of rate) * 0.1 = $2,805.50.

[9] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).

**IT IS SO ORDERED.**

s/Mindy Michaels Roth
Mindy Michaels Roth
Special Master