# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 19-1389V
Filed: January 26, 2024

```
* * * * * * * * * * * * * * *   *    *
JONNI GONSO, special administrator,     *
Estate of RICHARD MCKENNA,              *
                                        *
                Petitioner,             *
v.                                      *
                                        *
SECRETARY OF HEALTH                     *
AND HUMAN SERVICES,                     *
                                        *
                Respondent.             *
* * * * * * * * * * * * * * *   *    *
```

*Edward Kraus, Esq.*, Kraus Law Group LLC, Chicago, IL, for petitioner.
*Debra Begley, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On September 11, 2019, Richard P. McKenna[2] filed a petition for compensation under the National Vaccine Injury Compensation Program,[3] alleging that he suffered Guillain-Barré Syndrome ("GBS") and an inflammatory brachial plexopathy following the receipt of an influenza ("flu") vaccine September 20, 2016. Petition, ECF No. 1. Petitioner now seeks an award of interim attorneys' fees and costs.

## I. Procedural History

The petition was filed on September 11, 2019 along with medical records. Additional medical records were filed on October 17, 2019. Petitioner's Exhibits ("Pet. Ex.") 1-12, ECF Nos.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioners has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned finds that the identified material fits within this definition, such material will be redacted from public access.

[2] Mr. McKenna passed away on February 1, 2023. Thereafter, the case caption was amended to reflect the special administrator of Mr. McKenna's estate, Jonni Gonso. ECF Nos. 52-53.

[3] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1, 8. The matter was assigned to me on October 23, 2019. ECF No. 11. Petitioner filed additional medical records and a statement of completion on April 21, 2020. Pet. Ex. 14-17, ECF Nos. 16-18.

On July 19, 2020, respondent filed a status report identifying medical records that remained outstanding. ECF No. 21. Petitioner filed additional medical records on October 19, 2020. Pet. Ex. 18-21, ECF No. 23. On December 21, 2020, respondent filed another status report identifying medical records that were still outstanding, and petitioner filed the requested records on February 22, 2021. ECF No. 25; Pet. Ex. 22-23, ECF No. 28.

After two extensions of time, respondent filed his Rule 4(c) Report on June 21, 2021.ECF Nos. 30-31. The Rule 4(c) Report identified additional outstanding medical records. Those records were filed on October 4, 2021. ECF No. 33; Pet. Ex. 24-29, ECF No. 36. Petitioner was ordered to file a status report clarifying what injury he was alleging. The status report was filed on October 22, 2021. ECF No. 37.

A status conference was held on January 11, 2022, during which petitioner's extensive medical history was discussed. It was noted that due to the complexity of his medical history, it would be difficult to determine what medical issues, if any, were different before and after the flu vaccine since his complaints were the same to varying degrees. Therefore, the case would require a *Loving* analysis. ECF No. 38 at 2 (citing *Loving v. Sec'y of Health and Human Servs.*, 86 Fed. Cl. 135, 144 (2009)).

Over the next year, the parties exchanged expert reports. Petitioner's expert, Dr. Jeret provided three reports with supporting medical literature. Pet. Ex. 30, ECF No. 39; Pet. Ex. 31, ECF No. 43; Pet. Ex. 32, ECF No. 48. Respondent filed two reports with supporting literature from his expert, Dr. Jamieson. Resp. Ex. A, ECF No. 42; Resp. Ex. C, ECF No. 47.

On September 1, 2023, petitioner's counsel filed a Motion to substitute attorney, which was granted, and Edward Kraus became petitioner's attorney of record. ECF No. 51. Thereafter, on September 6, 2023, petitioner filed a Motion to amend the caption, explaining that Mr. McKenna had passed away in February of 2023, and his partner was appointed as special administrator of his estate. ECF No. 52. The Motion was granted. ECF No. 53.

A Rule 5 conference was held on September 7, 2023. The parties agreed that updated medical records were needed to assess how to proceed with the matter. Petitioner was ordered to file medical records accordingly. ECF No. 54.

On November 6, 2023, petitioner filed a Motion for Interim Attorneys' Fees and Costs, requesting a total of $63,871.92, representing $50,109.30 in attorneys' fees and $13,762.62 in costs for petitioner's prior counsel, Kathy Lee. Motion for Interim Fees, ECF No. 56.[4] On January 10, 2024, respondent filed a response deferring to the special master to determine if petitioner has met

---

[4] The Motion for Fees and all related documentation were filed as a single document at ECF No. 56. Therefore, any citations to page numbers of the Motion for Fees refer to the page number of that PDF document.

the legal standard for an award of interim fees and costs. Response at 2, ECF No. 64. Petitioner did not file a reply.

This matter is now ripe for determination.

## II. Legal Framework

The Vaccine Act permits an award of reasonable attorneys' fees and other costs. § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, petitioner's counsel is automatically entitled to reasonable attorneys' fees. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fee" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id*. at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id*.

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

## III. Discussion

### A.     Availability of Interim Fees

Special masters have discretion to award interim fees while the litigation is ongoing if "the cost of litigation has imposed an undue hardship" and there is "a good faith basis for the claim." *Shaw v. Sec'y of Health & Human Servs.*, 609 F. 3d 1372, 1375 (Fed. Cir. 2010); *see Avera*, 515 F. 3d at 1352. The court in *Avera* held that interim fees may be awarded "in appropriate circumstances." *Id*. at 1351. The court then listed some circumstances—cases involving "protracted" proceedings and "costly experts"—in which it would be "particularly appropriate" to award interim fees. *Id*. at 1352. But "the Federal Circuit in *Avera* . . . did not enunciate the universe of litigation circumstances which would warrant an award of interim attorney's fees," *Woods v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 148, 154 (2012), and "special masters [retain] broad discretion in determining whether to award" them, *Al-Uffi ex rel. R.B. v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at *5 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). In making

3

this determination, "the special master may consider any of the unique facts of a case." *Rehn v. Sec'y of Health & Human Servs.*, 126 Fed. Cl. 86, 94 (2016).

Under the circumstances of this case, interim fees are warranted. This case has been pending for over four years, which ordinarily "suffice[s] to constitute the type of 'circumstances' to warrant an interim fee award." *Woods*, 105 Fed. Cl. at 154; *see also, e.g.*, *Thompson v. Sec'y of Health & Human Servs.*, No. 12-475V, 2018 WL 1559799, at *1 (Fed. Cl. Spec. Mstr. Feb. 28, 2018) ("[I]nterim attorneys' fees and costs are appropriate because waiting for the conclusion of the case would place an undue hardship in petitioner"); *Kottenstette v. Sec'y of Health & Human Servs.*, No. 15-1016V, 2017 WL 5662780, at *3 (Fed. Cl. Spec. Mstr. Oct. 30, 2017) (finding two-year proceeding constituted appropriate circumstances for interim fees). In the instant motion, petitioner seeks fees and costs for her prior counsel, who expended significant time and costs in litigating the matter, is closing her practice, and retiring. It is unclear at this time when this matter will reach a conclusion. Further, respondent raised no objection to petitioner's application but deferred to the special master. His lack of any specific objection is taken into consideration. Response at 2. Given the circumstances, an award of interim fees is warranted to avoid economic hardship to petitioner's prior counsel.

## B.     Reasonable Hourly Rates

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id*. This is known as the *Davis County* exception. *Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[5]

Petitioner requests the following hourly rates for the work of her prior counsel, Ms. Kathy Lee, and her staff:

---

[5] The 2015-2022 Fee Schedules can be accessed at http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Sers.*, No. 09-923V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

|  | 2017 | 2018 | 2019 | 2020 | 2021 | 2022 | 2023 |
|---|---|---|---|---|---|---|---|
| K. Lee (Attorney) | $350 | $380 | $388 | $404 | $424 | $466 | $508 |
| S. Horstman (Legal Nurse Consultant) | $125 | $132 | $135 | $140 | | | |
| B. Sharp (Paralegal) | $125 | $132 | $135 | $140 | $147 | $153 | $168 |

Motion for Interim Fees at 9. The requested hourly rates are consistent with what Ms. Lee and her staff have previously been awarded. *See Beyers v. Sec'y of Health & Human Servs.*, No. 17-1406V, 2022 WL 20402684 (Fed. Cl. Spec. Mstr. June 28, 2022). Accordingly, I find the hourly rates reasonable and award them as requested.

## C.     Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal. *O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728-29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

The overall hours spent on this matter appear to be reasonable. I have reviewed the billing entries and find that, generally, the billing entries adequately describe the work done on the case and the amount of time spent on that work. None of the entries appear objectionable, nor has respondent identified any entries as objectionable. Accordingly, petitioner is awarded interim attorneys' fees of **$50,109.30**.

**D.      Reasonable Costs**

Petitioner requests a total of $13,762.62 in costs. Motion for Interim Fees at 2. The requested costs include costs for medical records, filing fees, a report from a treating physician, and expert fees for Dr. Joseph Jeret. Motion for Interim Fees at 62.

Petitioner requests $9,100.00 in expert costs for Dr. Joseph Jeret. Dr. Jeret billed for 26 hours at a rate of $350 per hour for preparing three expert reports. Motion for Fees at 97-101; *see* Pet. Ex. 30-32. Dr. Jeret provided sufficient records detailing his tasks and the time spent on those tasks which generally appear reasonable. *See* Motion for Fees at 97-101. Further, his requested rate is lower than what he has requested and been awarded in the Program previously. *See Bryce v. Sec'y of Health & Human Servs.*, No. 17-1832V, 2023 WL 5666165 (Fed. Cl. Spec. Mstr. July 18, 2023); *Bristow v. Sec'y of Health & Human Servs*., No. 19-457V, 2022 WL 17821111 (Fed. Cl. Spec. Mstr. Nov. 15, 2022). Accordingly, Dr. Jeret is awarded $9,100.00.

I have reviewed all the other requested costs associated with the preparation of the case thus far and find them reasonable and supported with adequate documentation. Petitioner is thus awarded a total of **$13,762.62** in costs.

### IV. Conclusion

Based on the foregoing, petitioner's Motion for Interim Attorneys' Fees and Costs is **GRANTED.** Accordingly, I award **$63,871.92,** representing $50,109.30 in attorneys' fees and $13,762.62 in attorneys' costs in the form of a check payable jointly to **petitioner and petitioner's counsel, Edward Kraus, Esq,** to be distributed to petitioner's prior counsel, Kathy Lee, Esq., in accordance with this decision. The clerk shall enter judgment accordingly.[6]

**IT IS SO ORDERED.**

s/ Mindy Michaels Roth
Mindy Michaels Roth
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.