# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: March 27, 2025

```
*  *  *  *  *  *  *  *  *  *  *  *  *   *
BRUCE MATZNER,                          *
                                        *
            Petitioner,                 *        No. 22-323V
                                        *
v.                                      *        Special Master Gowen
                                        *
SECRETARY OF HEALTH                     *
AND HUMAN SERVICES,                     *
                                        *
            Respondent.                 *
*  *  *  *  *  *  *  *  *  *  *  *  *   *
```

*Jessica Wallace*, Siri & Glimstad, LLP, Aventura, FL, for Petitioner.
*Mallori Browne Openchowski*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On September 12, 2024, Bruce Matzner, ("Petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Fees App.") (ECF No. 62). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of **$145,676.88.**

## I.    Procedural History

On March 24, 2022, Bruce Matzner ("Petitioner"), filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioner alleged that he suffered from Guillain-Barre Syndrome ("GBS") resulting from an influenza ("flu")

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) (Vaccine Act or the Act. All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

vaccination he received on September 11, 2020. *Id*. On September 9, 2024, the parties filed a proffer, which I adopted as my decision awarding compensation on the same day. (ECF No. 57).

On September 12, 2024, Petitioner filed a motion for attorneys' fees and costs. Fees App. at 1. (ECF No. 62). Petitioner requests compensation in the total amount of $152,330.94, representing $129,081.20 in attorneys' fees and $23,249.74 in costs. *Id*. at 5. Pursuant to General Order No. 9, Petitioner warrants he did not incur personal costs in pursuit of his claim. *Id*. at 1. Respondent reacted to the fees motion on September 24, 2024, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 64). Petitioner filed a reply on September 27, 2024. ECF No. 65.

The matter is now ripe for adjudication.

## II.    Analysis

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). Here, because Petitioner was awarded compensation pursuant to a proffer, he is entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

### a.  Attorneys' Fees

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Avera, 515 F.3d at 1348 (quoting *Blum,* 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of Petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera,* 515 F. 3d at 1349). There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. Id. This is known as the Davis County exception. *Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA,* 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No 09-293V, 2015 WL 5634323, at *19 (Fed. Cl.

Spec. Mstr. Sept. 1, 2015) motion for recons. denied, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015-2016 and from 2017-2022, which can be accessed online.

Petitioner requests the following rates of compensation for her attorneys: for Ms. Debra Gambella, $380.00 per hour for work performed from 2021-2023, and $424.00 per hour for work performed in 2024; and for Ms. Jessica Wallace, $231.00 per hour for work performed in 2020, $241.00 per hour for work performed in 2021, $275.00 per hour for work performed in 2022, $285.00 per hour for work performed in 2023, and $320.00 per hour for work performed in 2024. Petitioner also requests between $162.00 per hour and $187.00 per hour for worked performed by paralegals between from 2021-2024. These rates are consistent with what counsel and paralegals have previously been awarded for their Vaccine Program work and the undersigned finds them to be reasonable herein.

Turning next to review of the submitted billing statement, I have noted a few issues, when taken together, warrant a reduction to the overall billed hours. First, there are multiple entries in the submitted billing records which are for clerical or administrative tasks. For instance, there are entries for preparing exhibits for filing, preparing notices of filing, organizing files, updating the file, filing documents in CM/ECF, reviewing ECF notifications, calendaring deadlines, case file management, adding tasks to the file, and preparing a USB. Such administrative tasks comprise nearly 60 entries on the fees invoice. *See* Ex. 35 at 18, 26, 31, 36, 38-44, 47, 49, 56-58, 66, 67, 69, 70, 72, 78-80. While these tasks were mostly completed by paralegals, some attorneys also billed for these tasks. In the Vaccine Program, this type of administrative work "should be considered as normal overhead office costs included within the attorneys' fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387).

Besides the above, the fees award must also be reduced for excessive billing related to inter-office communications and redundant billing entries where multiple attorneys and paralegals performed work on the same tasks. On multiple occasions, several individuals entered time for internally discussing case matters, participating in the same inter-office telephone calls and emails, and for the same telephone conferences with the petitioner and the experts consulted in the case. Such interoffice communications and duplicative billing comprise more than 130 entries on the fees invoice. *See* Ex. 35 at 32-48, 50-77, 79-80. Special Masters have previously reduced attorney fees awarded due to excessive and duplicative billing. *See W.R. v. Sec'y of Health & Human Servs.*, No. 20-1401V, 2023 WL 8187303 (Fed. Cl. Spec. Mstr. Oct. 23, 2023); *Dreyer v. Sec'y of Health & Human Servs.*, No. 18-764V, 2019 WL 6138132 (Fed. Cl. Spec. Mstr. Oct. 29, 2019). Special masters can reduce a fee request sua sponte, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The quantity of internal emails and double tasks billed in this matter is deemed excessive. While a firm is free to utilize its staff in the way it feels they are best suited to aid the case, billing judgment must also be exercised to make sure that overbilling does not occur. In this case, the work billed by counsel reflects excessive, duplicative, and disallowed billing for administrative

tasks, warranting an overall reduction of 5% to counsel's fees. This results in a reduction of **$6,454.06**.

Accordingly, Petitioner is entitled to final attorneys' fees of $129,081.20.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests attorneys' costs in the amount of $23,249.74. This amount is comprised the acquisition of medical records, postage, and the Court's filing fee. *See* Ex. 35 at 80-82, 84-168. These costs incurred by Petitioner's counsel are typical costs incurred in the Vaccine Program, and I find them to be reasonable herein.

Petitioner's vocational expert services were provided by Labor Market Consulting Services at a rate of $200.00 per hour, totaling $4,780.00. I find this cost to be largely reasonable; however, there is a charge for "Open File" which has not been substantiated. Ex. 35 at 125. Like attorneys' fees, expert billing for clerical and other secretarial work is also not permitted. Special Masters have previously deducted from attorneys' costs for expert billing entries deemed to be unsubstantiated or administrative in nature. *See, e.g., Schettl v. Sec'y of Health & Human Servs.*, No. 14-422V, 2022 WL 2912666, at * 4 (Fed. Cl. Spec. Mstr. June 30, 2022) (deducting a $400.00 "File set up fee" from the life care planner's costs); *Nosches v. Sec'y of Health & Human Servs.*, No. 16-1657V, 2019 WL 1149944, at * 3 (Fed. Cl. Spec. Mstr. Feb. 26, 2019) (declining to compensate $400.00 for a "File set up fee" without further information to ascertain the purpose of this costs nor its reasonableness). This results in a reduction of **$200.00**.

Petitioner also requests reimbursement for life care planning services provided by Ms. Tresa Johnson and Life Care Consultants, Inc. totaling $12,948.38. Ex. 35 at 128-134. This amount includes 84.05 hours at rates between $110.00 per hour and $195.00 per hour, and travel costs related to the life care planning visit including airfare, car rental, Uber, meals, and hotel costs. *Id.* at 135-141. Petitioner has provided adequate documentation supporting all of these costs, and they all appear to be reasonable.

Finally, Petitioner requests reimbursement for expert services performed by economist Dr. Robert W. Cook, at $300.00 per hour for 9 hours totaling $2,700.00. Ex. 35 at 167-168. These services have also been supported with the necessary documentation and are reasonable.

Accordingly, Petitioner is entitled to final attorneys' costs of $23,049.74.

## III.    Conclusion

In accordance with the foregoing, I hereby **GRANT** Petitioner's motion for attorneys' fees and costs and find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $129,081.20 |
| (Reduction of Fees) | ($6,454.06) |
| **Total Attorneys' Fees Awarded** | **$122,627.14** |
| | |
| Attorneys' Costs Requested | **$23,249.74** |
| (Reduction of Costs) | ($200.00) |
| **Total Attorneys' Costs Awarded** | **$23,049.74** |
| | |
| **Total Attorneys' Fees and Costs** | **$145,676.88** |

      **Accordingly, I award the following: A lump sum in the amount of $145,676.88, representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

      In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance herewith.[3]

      **IT IS SO ORDERED.**

                                        **/s/Thomas L. Gowen**
                                        Thomas L. Gowen
                                        Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).